

**Entered on Docket
May 20, 2009**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re:<br><br>RICHARD BISSELL and GERRY BISSELL,<br><br>Debtors. | BK-S-05-17178-BAM<br><br>Chapter 13<br><br>Date:         April 14, 2009<br>Time:        2:30 p.m.<br>Courtroom: 3 |

**OPINION ON MOTION TO DISMISS**

On January 20, 2009, Rick Yarnall, the chapter 13 trustee assigned to this case, filed a motion to dismiss because the debtors were $418 delinquent in the payments required by their chapter 13 plan (dkt. #43). 11 U.S.C. § 1307(c)(6) (permitting dismissal for a material default with respect to a term of a confirmed chapter 13 plan). The motion requested the court to dismiss the case unless the debtors cured the default, filed a modified plan, or stipulated (with court approval) to resolve the motion to dismiss. The debtors chose none of these options; instead, they filed an opposition to the motion to dismiss, offering to extend the plan period for an additional five months (dkt. #47). The trustee refused to stipulate to the proposed extension.

At the hearing on the motion to dismiss, this issue was narrowed to whether the debtors may extend the plan repayment period without following the requirements and procedures of 11 U.S.C. § 1329 and FED. R. BANKR. P. 3015 ("Rule 3015"), which govern plan modification. For the reasons stated below, the court finds that the debtors may not modify the terms of their confirmed plan without adhering to section 1329 and Rule 3015. The court will enter a separate order on the motion to dismiss.

## FACTS

Although nonessential to the resolution of this matter, a brief background is appropriate. The debtors filed a chapter 13 petition on July 23, 2005 (dkt. #1). The court confirmed their first plan, which provided for payments of $209 per month for 36 months (dkts. #7, 15). Prior to the current payment default, the debtors were twice delinquent on their plan payments. In the first such instance, during 2006, the trustee filed a demand for cure, and the debtors responded by filing a new plan, which retained the $209 payment amount and proposed to cure the default by extending the plan repayment period for an additional nine months (dkts. #23, 26). This plan was confirmed on October 16, 2006 (dkt. #29). The second default was in mid-to-late 2007. On this occasion, the debtors and the trustee stipulated to an extension of the plan period to make up for the delinquency (dkt. #38). The court approved this stipulation, which extended the plan out to a total of 47 months (dkt. #39).

With respect to the current default, the trustee has refused to stipulate to the debtors' proposed five-month extension because of a change in office policy regarding stipulated plan extensions. The trustee contends that the debtors' opposition constitutes an impermissible attempt to modify a confirmed plan without adhering to the requirements of section 1329.

## DISCUSSION

Under 11 U.S.C. § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." A confirmed plan operates as a final judgment with res judicata effect. Beck v. Fort James Co. *(In re* Crown Vantage, Inc.), 421 F.3d 963, 972 (9th Cir. 2005); see also Brawders v. County of Ventura (*In re* Brawders), 503 F.3d 856, 867 (9th Cir. 2007).

Notwithstanding these principles of finality, Congress contemplated that a confirmed plan may need to be modified, and accordingly enabled such modification by enacting 11 U.S.C. §

1329. Section 1329(a) provides that:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments;
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
> (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor (and for any dependent of the debtor if such dependent does not otherwise have health insurance coverage) if the debtor [satisfies certain requirements].

Under section 1329(b)(1), sections 1322(a), 1322(b), 1323(c), and 1325(a) apply to any plan modification. Also, under section 1329(b)(2), the "plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved." The procedure for modification, as stated in Rule 3015(g), requires the debtor to file a motion noticed to all creditors. Fridley v. Forsythe (*In re* Fridley), 380 B.R. 538, 542 (B.A.P. 9th Cir. 2007).

The debtors argue that the proposed extension will not change the total amount received by any creditor under the plan, and thus the proposed change does not prejudice the rights or claims of any creditor. According to the debtors, no creditor could maintain a plausible objection to confirmation, and the filing of a modified plan is therefore merely a waste of the debtors' and the court's resources. As a factual matter, this argument is flawed because it fails to consider the time value of money; any delay in the time for payment to a creditor results in a monetary loss to that creditor (however slight). See, e.g., Donell v. Kowell, 533 F.3d 762, 772 (9th Cir. 2008). It also ignores that an extension of time may very well increase the possibility of future default. Perhaps more importantly, the debtors' position has no discernible legal basis.[1]

---

[1] The debtors believe that the legal issues in this case are analogous to those in *In re* Hill, 374 B.R. 745 (Bankr. S.D. Cal. 2007). The issue in Hill is whether a debtor that is current on his plan payments may modify his confirmed plan to provide for a repayment period that exceeds 60 months, in (possible) contravention of section 1322(c). Id. at 746-47. Hill is not determinative or helpful to the resolution of the issues presented by the trustee's motion in this case.

3

The case law overwhelming supports the view that modification of a confirmed plan must comply with section 1329 and Rule 3015.[2]  See Maney v. Kagenveama (*In re* Kagenveama), 541 F.3d 868, 877-79 (9th Cir. 2008); Anderson v. Satterlee (*In re* Anderson), 21 F.3d 355, 358 (9th Cir. 1994); Superior Court for the State of Cal. v. Heincy (*In re* Heincy), 858 F.2d 548, 549-50 (9th Cir. 1988); Fridley, 380 B.R. at 544; Profit v. Savage (*In re* Profit), 283 B.R. 567, 574-75 (B.A.P. 9th Cir. 2002); Powers v. Savage (*In re* Powers), 202 B.R. 618, 623 (B.A.P. 9th Cir. 1996); see also Matter of Witkowski, 16 F.3d 739 (7th Cir. 1994) (discussing the standard for modification under section 1329).

Attempts to modify plans without using the process set out in section 1329 have been rejected.  For example, in Anderson, the chapter 13 trustee attempted to retain the right to modify the debtors' plan payment by requiring them to agree to a periodic financial review and an automatic payment adjustment that would not involve court approval.  21 F.3d at 356-57.  The Ninth Circuit held that the trustee's desire to retain the authority to unilaterally adjust the debtors' plan payment amount was incompatible with the section 1329 procedure for modification.  Id. at 158.  Similarly, a debtor may not unilaterally modify the terms of a confirmed plan.  In Fridley, the Bankruptcy Appellate Panel rejected a debtor's attempt to disregard the payment schedule of his confirmed plan and make a lump-sum payment on the plan.  380 B.R. at 544.  "A debtor desiring to prepay a chapter 13 plan and obtain an early discharge without paying allowed unsecured claims in full must follow the § 1329 modification procedure prescribed by Rule 3015(g)."  Id.

Here, the debtors likewise propose to disregard the statutory requirements and procedures for modification, and unilaterally modify the terms of their confirmed plan.  They cite no

---

[2] The court notes that the terms of a confirmed plan may also be revisited under FED. R. CIV. P. 60(b), which is made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024.  See Meyer v. Lenox (*In re* Lenox), 902 F.2d 737, 739-40 (9th Cir. 1990).  Under Rule 60(b), the court may relieve a party or its legal representative from a final judgment, order, or proceeding, for a variety of reasons.  However, that provision is inapplicable under the circumstances, because none of the grounds for relief stated in Rule 60(b) are implicated by the debtors' attempt to extend the plan period.

4

relevant authority for the proposition that they may modify their plan without using the procedures set out in the Bankruptcy Code, nor do they indicate any facts that distinguish this case from other modification cases that have been decided in this circuit.  "Modification pursuant to § 1329 provides a mechanism to change the binding effect of § 1327." Powers, 202 B.R. at 622.  Nothing is preventing the debtors from utilizing this mechanism, and they have shown no cause to be exempted from its requirements.

Furthermore, if the court did interpret the Bankruptcy Code as permitting modification of a confirmed chapter 13 plan without requiring compliance with section 1329 and Rule 3015, those provisions would be rendered "mere surplusage," in contravention of well-established principles of statutory interpretation.  United States v. Mehrmanesh, 689 F.2d 822, 829 (9th Cir. 1982) ("We may not construe a statute so to make any part of it mere surplusage"); see also Lamie v. United States Trustee, 540 U.S. 526, 535-36 (2004).  Thus, it would be improper for the court to adopt the debtors' suggested interpretation of the means for modifying a confirmed plan.

## Conclusion

The debtors may not modify the terms of their confirmed chapter 13 plan without following the requirements and procedures of 11 U.S.C. § 1329 and Fed. R. Bankr. P. 3015(g). The court will enter a separate order consistent with this opinion.

IT IS SO ORDERED.

Copies sent to:

CENTEX HOME EQUITY COMPANY, LLC (mb) matthew.barrett@checmail.com

ELIZABETH R. DEFLYER on behalf of Debtors igotnotices@hainesandkrieger.com

CHRISTIAN N. GRIFFIN on behalf of Debtors kperez@harrisschwartz.com, cngriffin68@gmail.com

DAVID KRIEGER on behalf of Debtors igotnotices@hainesandkrieger.com

RICK A. YARNALL ecfmail@LasVegas13.com, bssrusty@lasvegas13.com

###